**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X   Case No. 18-cv-02992
TRASSAN CHIN,

                                        Plaintiff,

                                                                **COMPLAINT**

                 -against-

SECURITY CREDIT SERVICES, LLC and
PRAXIS FINANCIAL SOLUTIONS, INC,

                                        Defendants.
-------------------------------------------------------------------X

          Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC,

upon knowledge as to herself and her own acts, and as to all other matters upon

information and belief, brings this complaint against above-named defendants and in

support thereof alleges the following:

                              INTRODUCTION

          1.       This is an action for damages brought by an individual consumer for

defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

§ 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and

unfair acts and practices.

          2.       This action is also brought pursuant to New York General

Business Law ("NYGBL") § 349 for an injunction and damages regarding defendants'

deceptive acts and practices.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.     This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5.     Plaintiff is a natural person who resides in this District.

6.     Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendants to owe a financial obligation.

7.     The financial obligation which defendants sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendants sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes and concerned an allegedly defaulted debt originally owed to GE Capital Retail Bank ("GECRB") for a Home Design account.

8.     Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.     At all times relevant herein, defendant Security Credit Services, LLC ("SCS") was and is a debt collector as defined by 15 U.S.C. § 1692a(6).

10.     At all times relevant herein, SCS purchased debts which were already in default.

11.     At all times relevant herein, SCS purchased consumer debts which were already in default.

12.     At all times relevant herein, SCS purchased consumer debts which were already in default and which were originally owed or due or alleged to be originally owed or due to others.

13.     At all times relevant herein, SCS purchased said defaulted consumer debts for the purpose of collection.

14.     At all times relevant herein, SCS collected and attempted to collect said defaulted consumer debts which it purchased.

15.     At all times relevant herein, the principal purpose of SCS's business was the collection of said defaulted consumer debts.

16.     At all times relevant herein, in achieving its principal business purpose of debt collection, SCS purchased said defaulted consumer debts for pennies on the dollar.

17.     Thereafter, SCS collected and attempted to collect said defaulted consumer debts from consumers.

18.     SCS collected and attempted to collect said defaulted consumer debts from consumers for the full face value of the debts, at least initially.

19.     At all times relevant herein, SCS collected and attempted to collect said defaulted consumer debts either itself or through others.

20.     At all times relevant herein, SCS, itself and/or through others, collected and attempted to collect said defaulted consumer debts by reporting the debts as negative tradelines on the credit reports of consumers in virtually every state, including New York State.

21.     At all times relevant herein, SCS, itself and/or through others, collected and attempted to collect said defaulted consumer debts by initiating debt collection actions against consumers in courts in several states, including New York State.

22.     At all times relevant herein, SCS, itself and/or through others, collected and attempted to collect said defaulted consumer debts by mailing debt collection letters to consumers in virtually every state, including New York State.

23.     At all times relevant herein, SCS, itself and/or through others, collected and attempted to collect said defaulted consumer debts by placing telephone calls to consumers in virtually every state, including New York State.

24.     At all times relevant herein, SCS, itself and/or through others, used the mails in its principal business purpose of debt collection.

25.     At all times relevant herein, SCS, itself and/or through others, used telephone lines in its principal business purpose of debt collection.

26. Aforesaid is a non-exhaustive list of the methods by which SCS collected and attempted to collect from consumers the defaulted consumer debts it purchased.

27. At all times relevant herein, SCS was licensed as a debt collector with the New York City Department of Consumer Affairs.

28. At the date of this complaint, SCS is licensed as a debt collector with the New York City Department of Consumer Affairs under license number 1318559.

29. In sum, SCS's principal purpose is to operate a for-profit defaulted debt collection business.

30. Upon information and belief, SCS is a foreign limited liability company organized under the laws of the State of Mississippi.

31. At all times relevant herein, defendant Praxis Financial Solutions, Inc ("Praxis") was and is a debt collector as defined by 15 U.S.C. § 1692a(6).

32. The principal purpose of Praxis's business is the collection of defaulted consumer debts.

33. Praxis uses the mails and the telephones in its business the principal purpose of which is the collection of defaulted consumer debts.

34. Praxis regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

35. Upon information and belief, Praxis is a foreign business corporation incorporated in the State of Illinois.

RELATIONSHIP BETWEEN DEFENDANTS

36.  SCS placed plaintiff's debt with Praxis for the purpose of collection.

37.  In all its collection attempts described herein, Praxis was acting as the agent of SCS.

38.  On information and belief, SCS as the principal, exercised control or had the right to exercise control over the collection activities of Praxis.

39.  SCS used Praxis to attempt to shield itself from liability under the FDCPA by having its agent Praxis make the active debt collection attempts in 2017 as described herein.

40.  SCS is liable for its own violations alleged herein and also vicariously liable for the violations of Praxis alleged herein.

FACTUAL ALLEGATIONS

41.  Plaintiff re-alleges paragraphs 1-40 as if fully re-stated herein.

42.  At some point in time plaintiff allegedly incurred a personal debt to GECRB for a Home Design account.

43.  At some subsequent point in time GECRB alleged that the debt fell into default.

44.  Subsequent to the alleged default, plaintiff consulted with her attorneys at Fagenson & Puglisi concerning the alleged debt.

45.  Plaintiff disputed that she owed any debt to GECRB or to any other entity regarding the Home Design account, because she had paid the balance on the account.

46.     Plaintiff obtained a copy of her credit report in November 2012.

47.     The allegedly defaulted GECRB debt was being reported on plaintiff's credit report by SCS as a negative tradeline.

48.     Thereafter, by letter dated November 15, 2012, Fagenson & Puglisi wrote to SCS.

49.     In said letter, Fagenson & Puglisi advised SCS that Fagenson & Puglisi represented plaintiff.

50.     In said letter, Fagenson & Puglisi also advised SCS that plaintiff should not be contacted directly and that plaintiff disputed the debt.

51.     In said letter, Fagenson & Puglisi also requested documentation supporting SCS's claim.

52.     By letter dated November 29, 2012, SCS wrote to Fagenson & Puglisi acknowledging receipt of Fagenson & Puglisi's letter and enclosing purported verification of the debt.

53.     Thereafter, in January 2013 SCS commenced a lawsuit against plaintiff in the City Court of Yonkers, Westchester County under Index No. 0019/13.

54.     In the lawsuit, SCS was attempting to collect the same Home Design debt.

55.     Fagenson & Puglisi served on SCS a notice of appearance, an answer and interrogatories on behalf of plaintiff and represented plaintiff in said lawsuit.

56.     In or around 2014 said lawsuit was dismissed for SCS's failure to prosecute.

57.     Thereafter, Praxis sent a collection letter to plaintiff.

58.     Praxis's collection letter is dated April 4, 2017.

59.     Praxis sent the letter directly to plaintiff at her home.

60.     Praxis sent the letter to plaintiff in an attempt to collect the said GECRB debt.

61.     Praxis sent the letter to plaintiff on behalf of SCS.

62.     In or around April 2017, Praxis also telephoned plaintiff on her mobile telephone in its attempts to collect the said debt.

63.     In or around April 2017, due to Praxis communicating directly with plaintiff, there was also telephone communication between Praxis and plaintiff's husband concerning the said debt.

64.     Said communication between Praxis and plaintiff's husband would not have occurred if Praxis had never communicated directly with plaintiff by letter and/or telephone calls.

65.     Upon receipt of Praxis's collection letter and telephone calls, and after hearing about Praxis's telephone contact with her husband in Praxis's several attempts to collect the alleged debt directly from her on behalf of SCS, plaintiff felt irritation, surprise, confusion and upset that SCS and Praxis would communicate with her directly despite their knowledge that she was represented by counsel in the matter of the debt.

ALLEGATIONS AGAINST SCS

AS AND FOR A FIRST CAUSE OF ACTION

<u>Improper direct communication with Plaintiff</u>

FDCPA, §§ 1692c(a)(2) and 1692e

66.     Plaintiff re-alleges paragraphs 1-65 as if fully re-stated herein.

67.     SCS knew that plaintiff was represented by Fagenson & Puglisi concerning the debt.

68.     SCS knew that plaintiff was represented by Fagenson & Puglisi upon SCS's receipt of Fagenson & Puglisi's letter dated November 15, 2012.

69.     SCS knew that plaintiff was represented by Fagenson & Puglisi when Fagenson & Puglisi represented plaintiff in the lawsuit in the City Court of Yonkers.

70.     SCS knew that plaintiff should not be contacted directly concerning the debt.

71.     SCS failed to inform Praxis that plaintiff was represented by Fagenson & Puglisi before Praxis sent its aforesaid collection letter and placed its aforesaid collection telephone calls directly to plaintiff.

72.     SCS did not inform Praxis that plaintiff was represented by Fagenson & Puglisi before Praxis sent its aforesaid collection letter and placed its aforesaid collection telephone calls directly to plaintiff.

73.     In the alternative, SCS did inform Praxis that plaintiff was represented by Fagenson & Puglisi before Praxis sent its aforesaid collection letter and placed its aforesaid collection telephone calls directly to plaintiff.

74.     Either way, Praxis sent its aforesaid collection letter and placed its aforesaid collection telephone calls directly to plaintiff on behalf of SCS.

75.     Therefore, SCS is liable pursuant to the FDCPA § 1692e, for failing to inform Praxis that plaintiff was represented by Fagenson & Puglisi before Praxis sent its aforesaid collection letter and placed its aforesaid telephone collection calls directly to plaintiff, as such failure constitutes a false, deceptive and misleading means used by SCS in its debt collection efforts against plaintiff.

76.     Further, even if SCS did inform Praxis that plaintiff was represented by Fagenson & Puglisi before Praxis sent its aforesaid collection letter and placed its aforesaid telephone collection calls directly to plaintiff, SCS, as the principal of Praxis, is nevertheless vicariously liable to plaintiff, pursuant to the FDCPA § 1692c(a)(2), for Praxis's aforesaid direct communication with her.

77.     Communications from debt collectors, such as those caused to be sent by SCS, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

## AS AND FOR A SECOND CAUSE OF ACTION

### NYGBL § 349

78.    Plaintiff re-alleges paragraphs 1-77 as if fully re-stated herein.

79.    SCS owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

80.    SCS breached its duty to collect plaintiff's debt with reasonable care.

81.    In the exercise of reasonable care SCS ought to have ensured that for any account on which an attorney represented the consumer any communication by SCS or its agent Praxis was made with the attorney, and not with the consumer directly.

82.    The fact that Praxis repeatedly contacted plaintiff directly regarding the same debt for which SCS had been repeatedly informed that she had attorney representation indicates a failure on the part of SCS to comply with or to perform its duty to effect collection of the debt with reasonable care.

83.    On information and belief, at all times relevant herein SCS placed dozens of consumer accounts of New York residents with Praxis for collection.

84.    SCS's act of failing to inform Praxis that plaintiff was represented by Fagenson & Puglisi is a deceptive act and practice and caused Praxis to unlawfully communicate directly with plaintiff.

85.     Even if SCS had informed Praxis that Fagenson & Puglisi represented plaintiff before Praxis communicated directly with plaintiff, as the principal of Praxis, SCS is vicariously liable for Praxis's conduct.

86.     Said deceptive act and practice was committed by SCS in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

87.     SCS's deceptive act and practice was consumer-oriented, in that SCS's act of causing Praxis to communicate with a legally–represented consumer directly, despite SCS's knowledge that she is represented by counsel, was not an act limited to plaintiff's account, but extended  to  the accounts of other consumers which SCS placed with Praxis for collection and on which there was legal representation.

88.     At all times relevant herein, SCS maintained no agreement or procedure with Praxis to ensure that SCS did not place with Praxis for collection accounts of legally–represented consumers or, in the alternative, to ensure that Praxis did not communicate directly with legally represented consumers on behalf of SCS.

89.     SCS's said conduct of failing to inform Praxis that consumers are represented by counsel has a broader impact on consumers at large whose accounts are placed by SCS with Praxis for collection  and who are represented by counsel in the matter of the collection of their SCS debts.

90.     Praxis's aforesaid collection letter to plaintiff is a form collection letter.

91.    Praxis's aforesaid collection letter to plaintiff is derived from a letter template.

92.    SCS owes a duty to plaintiff and consumers at large to  honor their right to legal representation and SCS's failure to honor plaintiff's said right because of its failure to inform Praxis of plaintiff's legal representation resulted in Praxis's aforesaid direct communication with plaintiff and her husband, thereby improperly encouraging plaintiff to contact SCS's agent directly about a debt for which she had the representation of counsel, and thereby improperly attempting to frustrate plaintiff into paying the disputed debt.

93.    Therefore, SCS's failure to honor plaintiff's legal representation through its failure to inform Praxis of said legal representation and to have an agreement or procedure to prevent said failures was deceptive in a material way.

94.    Further, SCS's failure to honor plaintiff's legal representation through its failure to prevent its agent Praxis from communicating directly with plaintiff concerning the same debt for which she had legal representation was deceptive in a material way.

95.    Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

96.     Upon receipt of Praxis's collection letter and telephone calls, and after hearing about Praxis's telephone contact with her husband in Praxis's several attempts to collect the alleged debt directly from her on behalf of SCS, plaintiff felt irritation, surprise, confusion and upset that SCS and Praxis would communicate with her directly despite their knowledge that she was represented by counsel in the matter of the debt.

97.     SCS violated NYGBL § 349(a) by its agent Praxis sending its collection letter directly to plaintiff and placing its telephone calls directly to plaintiff, and SCS is liable to plaintiff under NYGBL § 349(h).

98.     SCS willfully and knowingly violated NYGBL § 349(a) by failing to inform its agent Praxis of plaintiff's legal representation and thereby causing Praxis to communicate directly with plaintiff as aforesaid, and is liable to plaintiff under NYGBL § 349(h).

99.     As a result of the above violations, plaintiff seeks injunctive relief against SCS and SCS is liable to plaintiff for damages in an amount to be determined at the time of trial, plus costs and reasonable attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against SCS as follows:

(a)  awarding maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(b)  awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(c)  awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(d)  enjoining SCS from continuing to communicate with plaintiff directly, either itself or through others, pursuant to NYGBL § 349;

(e)  enjoining SCS from committing further deceptive acts and practices towards plaintiff, pursuant to NYGBL § 349;

(f)  awarding maximum treble damages pursuant to NYGBL § 349;

(g)  awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h)  in the alternative to (g), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(i)  awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j)  for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

## ALLEGATIONS AGAINST PRAXIS

## AS AND FOR A THIRD CAUSE OF ACTION

### Improper direct communication with Plaintiff

FDCPA, §§ 1692c(a)(2) and 1692e

100.     Plaintiff re-alleges paragraphs 1-99 as if fully re-stated herein.

101.     As and for an alternative and additional cause of action, SCS informed Praxis of Fagenson & Puglisi's legal representation before Praxis sent its collection letter directly to plaintiff at her home.

102.     SCS informed Praxis of Fagenson & Puglisi's legal representation before Praxis telephoned plaintiff concerning the debt.

103.     SCS informed Praxis of Fagenson & Puglisi's legal representation before Praxis communicated with plaintiff's husband concerning the debt.

104.     Praxis knew of plaintiff's legal representation by Fagenson & Puglisi before Praxis sent its letter directly to plaintiff at her home.

105.     Praxis knew of plaintiff's legal representation by Fagenson & Puglisi before Praxis telephoned plaintiff concerning the debt.

106.     Praxis knew of plaintiff's legal representation by Fagenson & Puglisi before Praxis communicated with plaintiff's husband concerning the debt.

107.     Praxis should have known of plaintiff's legal representation by Fagenson & Puglisi before Praxis sent its aforesaid letter directly to plaintiff and before Praxis made its aforesaid telephone contacts with plaintiff and with plaintiff's husband.

108.     In any event, Praxis had an affirmative duty to inquire of SCS whether plaintiff was represented by counsel in the matter, before Praxis communicated directly with plaintiff.

109.     Praxis did not inquire of SCS whether plaintiff was represented by counsel before Praxis sent its collection letter directly to plaintiff.

110.     Praxis did not inquire of SCS whether plaintiff was represented by counsel before Praxis telephoned plaintiff directly.

111.     Praxis did not inquire of SCS whether plaintiff was represented by counsel before Praxis communicated with plaintiff's husband concerning the debt.

112.     Praxis sent its aforesaid collection letter directly to plaintiff at her home and made its aforesaid direct telephone contacts with plaintiff notwithstanding its knowledge that plaintiff was represented by counsel, thereby violating the FDCPA, § 1692c(a)(2).

113.     Praxis sent its aforesaid collection letter directly to plaintiff at her home and made its aforesaid direct telephone contacts with plaintiff as a result of its violation of its affirmative duty to inquire of SCS, before communicating with plaintiff, whether plaintiff was represented by counsel, thereby violating the FDCPA, § 1692c(a)(2).

114.     Further, Praxis is in violation of the FDCPA, § 1692e in that Praxis's aforesaid conduct in contacting plaintiff directly after knowledge of attorney representation, constitutes a deceptive and misleading means used in an attempt to collect the debt and was an effort to mislead plaintiff into communicating with Praxis directly in disregard of the representation of her legal counsel.

115.     Praxis is further in violation of the FDCPA, § 1692e in that Praxis's aforesaid conduct in contacting plaintiff directly was a result of its violation of its affirmative duty to inquire of SCS, before communicating with plaintiff, whether plaintiff was represented by counsel, and constitutes a deceptive and misleading means used in an attempt to collect the debt, as an effort to mislead plaintiff into communicating with Praxis directly in disregard of the representation of her counsel.

116.     Communications from debt collectors, such as those made by Praxis, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

## AS AND FOR A FOURTH CAUSE OF ACTION

## NYGBL § 349

117.     Plaintiff re-alleges paragraphs 1-116 as if fully re-stated herein.

118.     Praxis owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

119.     Praxis breached its duty to collect plaintiff's debt with reasonable care.

120.     In the exercise of reasonable care Praxis ought to have ensured that for any account on which an attorney represented the consumer any communication by Praxis was made with the attorney, and not with the consumer directly.

121.     The fact that Praxis repeatedly contacted plaintiff directly regarding the same debt for which SCS had been repeatedly informed that she had attorney representation indicates a failure on the part of Praxis to comply with or to perform its duty to effect collection of the debt with reasonable care.

122.     On information and belief, at all times relevant herein, SCS placed dozens of consumer accounts of New York residents with Praxis for collection.

123.     Praxis's act of communicating with plaintiff directly is a deceptive act and practice.

124.     Said deceptive act and practice was committed by Praxis in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

125.     Praxis's deceptive act and practice was consumer-oriented, in that Praxis's act of communicating with a legally–represented consumer directly, despite knowledge that she is represented by counsel, was not an act limited to plaintiff's account, but extended to the accounts of other consumers which SCS placed with Praxis for collection and on which there was legal representation.

126.     At all times relevant herein, Praxis maintained no agreement or procedure with SCS to ensure that SCS did not place with Praxis for collection accounts of legally–represented consumers or, in the alternative, to ensure that Praxis did not communicate directly with legally represented consumers on behalf of SCS.

127.     Praxis's said conduct of communicating directly with legally–represented consumers has a broader impact on consumers at large whose accounts are placed by SCS with Praxis for collection and who are represented by counsel in the matter of the collection of their SCS debts.

128.     Praxis's aforesaid collection letter to plaintiff is a form collection letter.

129.     Praxis's aforesaid collection letter to plaintiff is derived from a letter template.

130.     Praxis owes a duty to plaintiff and consumers at large to honor their right to legal representation and Praxis's failure to honor plaintiff's said right resulted in Praxis's aforesaid direct communication with plaintiff and her husband, thereby improperly encouraging plaintiff to contact Praxis directly about a debt for which she had the representation of counsel, and thereby improperly attempting to frustrate plaintiff into paying the disputed debt.

131.     Therefore, Praxis's failure to honor plaintiff's legal representation and its sending of the collection letter to plaintiff at her home and its placing collection telephone calls to plaintiff was deceptive in a material way.

132.     Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

133.     Upon receipt of Praxis's collection letter and telephone calls, and after hearing about Praxis's telephone contact with her husband in Praxis's several attempts to collect the alleged debt directly from her on behalf of SCS, plaintiff felt irritation, surprise, confusion and upset that SCS and Praxis would communicate with her directly despite their knowledge that she was represented by counsel in the matter of the debt.

134.     Praxis violated NYGBL § 349(a) by the sending of its collection letter and the placing of its collection telephone calls directly to plaintiff and is liable to plaintiff under NYGBL § 349(h).

135.     As a result of the above violations, plaintiff seeks injunctive relief against Praxis and Praxis is liable to plaintiff for damages in an amount to be determined at the time of trial, plus costs and reasonable attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against Praxis as follows:

(a)     awarding maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(b)     awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(c)     awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(d)     enjoining Praxis from continuing to communicate with plaintiff directly, pursuant to NYGBL § 349;

(e)     enjoining Praxis from committing further deceptive acts and practices towards plaintiff, pursuant to NYGBL § 349;

(f)     awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g)     in the alternative to (f), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h)     awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(i)     for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
      April 4, 2018.

                                        */s/  Novlette R. Kidd*
                                        NOVLETTE  R. KIDD, ESQ. (NK 9339)
                                        FAGENSON & PUGLISI, PLLC
                                        Attorneys for Plaintiff
                                        450 Seventh Avenue, Suite 704
                                        New York, New York 10123
                                        Telephone: (212) 268-2128
                                        Nkidd@fagensonpuglisi.com